IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

03 DEC 17 PH 2: 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TERRI L. FISH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 02-PT-3039-M |
| REGIONAL HEALTH MANAGEMENT CORPORATION, d/b/a NORTHEAST ALABAMA REGIONAL MEDICAL CENTER, | ) |
| Defendant. | ) |

ENTERED
DEC 17 2003

**MEMORANDUM OPINION**

This cause comes to be heard upon defendant Northeast Alabama Regional Medical Center's ("NEARMC") Motion to Amend Judgment or Alternative Motion for Certification on Interlocutory Appeal, filed on December 4, 2003.

The defendant primarily relies upon the case of Strickland v. Water Works and Sewer Board of The City of Birmingham, 239 F.3d 1199 (11th Cir. 2001). The following language in Strickland is pertinent:

> [T]he [district] court held that even if Strickland could demonstrate that his absence on March 5 was protected by the FMLA, he did not present sufficient evidence for a reasonable jury to find that his discharge was retaliatory; that is, that the Board fired him because he invoked the Act's protection. *See Strickland v. Water Works and Sewer Bd.*, No. CV 98-B-0374-S (N.D. Ala. Sept. 15, 1999).

Id. at 1203.

. . .

> In his complaint, Strickland alleged that "he was terminated in violation of the FMLA. The court construed this allegation as an attempt to state a claim of retaliatory discharge (rather than a claim for a substantive benefit provided by the Act), and assumed for sake of argument that the

1

37

|  | record established a prima facie case. The court then asked whether Strickland presented any evidence showing that the Water Works Board's reasons for terminating his employment – "insubordination and 'walking of the job'" on March 5 – were pretextual. Concluding that he had not, the court granted the Board's motion for summary judgment. |

*Id.* at 1206.

. . .

> Strickland could not survive summary judgment on his retaliation claim because he failed to establish the third element of a prima facie case – that the Water Works Board fired him for engaging in protected activity.
>
> In his complaint, Strickland alleged that, before leaving the workplace on March 5, he told his supervisor, Harmon, that he needed FMLA leave because he was suffering a diabetic attack. The record presented to the district court on summary judgment, however, contained no support for this allegation; nothing in Strickland's affidavits or the other materials before the court would permit a jury to find that Harmon or anyone else employed by the Board had notice that Strickland was invoking the protection of the FMLA when he left work that day. Nor did Strickland refer to the FMLA at any time prior to the Board's March 14 decision to discharge him.

*Id.* at 1207.

. . .

> Such evidence cannot satisfy the third element in a case, like the one here, in which the "unrebutted evidence [is] that the decision maker did not have knowledge that the employee [had engaged, or was attempting to engage,] in protected conduct." *Id.* As we said in *Brungart*, "[a] decision maker cannot have been motivated to retaliate by something unknown to him." *Id.*

*Id.* at 1207-08.

. . .

> When an employee's FMLA leave is "foreseeable based on planned medical treatment," the Act requires the employee to "provide the employer with not less than 30 days' [advance] notice," if practicable. 29 U.S.C. § 2612(e)(2). Where an employee's need for FMLA leave due to a serious medical condition is unforeseeable, the advance notice requirement does not apply, and we have said that "the employee need only provide [his] employer with notice sufficient to make the employer aware that [his] absence is due to a potentially

> FMLA-qualifying reason." *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir. 1997). The Code of Federal Regulations makes clear that an employee taking unforeseeable leave "need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed." 29 C.F.R. § 825.303(b). Once an employee taking unforeseeable leave informs his employer that potentially FMLA-qualifying leave is needed, the regulations place on the employer the burden of ascertaining whether the employee's absence actually qualifies for FMLA protection. *See id.* ("The employer will be expected to obtain any additional required information through informal means.").

*Id.* at 1208-09.

Perhaps <u>Strickland</u> does support the defendant's argument in support of the subject motion. On the other hand, it is perhaps distinguishable. In <u>Strickland</u>, the articulated reason for the discharge was not the absences as such, but the alleged "insubordination" and "failure to follow work orders and instructions." The trial court's conclusion that <u>these</u> two reasons were not pretextual was affirmed. The appellate court noted that "the record presented to the district court on summary judgment, however, contained no support" for the allegation that plaintiff "told his supervisor, Harmon, that he needed FMLA leave because he was suffering a diabetic attack." *Id.* at 1207.

Matters in <u>Strickland</u> which are unclear are the following:

Was the retaliation claim dismissed because the supervisor did not know that the plaintiff was suffering from a diabetic attack or because of a lack of evidence that the plaintiff "was invoking the protection of the FMLA"? The appellate court cited *Brungart v. BellSouth Telecommunications*[1] for the proposition that "the unrebutted evidence [is] that the decision maker did not have knowledge that the employee [had engaged, or was attempting to engage] in

---

[1] *See* 231 F.3d 791, 799 (11th Cir. 2000).

3

protected conduct." *Id.* That leaves the question whether in order to support a retaliation claim, the plaintiff must have specifically sought FMLA leave by name or whether the supervisor being advised of an FMLA-covered illness is sufficient.

In this case, unlike in <u>Strickland</u>, the only articulated reason for plaintiff's termination was excess absenteeism which arguably included time off for a FMLA-protected illness, even though FMLA leave was not requested by name. There is not a question, as there was in <u>Strickland</u>, of rebutting an articulated reason other than absenteeism.

Further, this court cannot understand why 29 C.F.R. § 825.303(b) is not as applicable to retaliation claims as to interference claims. If <u>Strickland</u> otherwise suggests, this court's ruling may have been in error. § 825.303(b) does not appear to make a distinction.[2]

The <u>Manuel</u> case cited by the court does not make it plain whether the plaintiff there was pursuing an interference claim, a retaliation claim, or both. The claim appeared to be more likely a retaliation claim. Also, <u>Gay v. Gilman</u> (the Eleventh Circuit case cited by <u>Strickland</u> in analyzing the interference claim) appears to involve both a retaliation and an interference claim, although neither was specifically designated as such by the court. *See* 125 F.3d 1432 (11th Cir. 1997). The Eleventh Circuit described plaintiff's claims as follows: "Gay filed a suit in the U.S.

---

[2] The court notes that 29 C.F.R. § 825.302(c) contains a similar notice requirement when need for FMLA leave is foreseeable:

> An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed for an expected birth or adoption, for example. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken.

4

District Court . . . alleging that she had been improperly denied leave for a serious health condition under the FMLA and wrongfully terminated for exercising her rights under the FMLA." *Id.* at 1434. While the first part of that sentence indicates interference, the second part appears to indicate a retaliation claim.

In Gay, the Eleventh Circuit affirmed the district court's holding that Gay had failed to provide sufficient evidence from which a jury could conclude either that she gave sufficient notice of her need for potentially-qualifying leave or that Gilman's reason to terminate her was pretext. *Id.* at 1432-33. By using the term pretext, it appears Gay applied McDonnell Douglas (which Strickland applies to the retaliation claim). In affirming the district court's decision, the Eleventh Circuit stated:

> We agree with the decisions cited above[3] that, where an employee's need for FMLA leave is unforeseeable, the employee need only provide her employer with notice sufficient to make the employer aware that her absence is due to a potentially FMLA-qualifying reason. However, we cannot agree that, under the circumstances presented here, Gay provided Gilman with that kind of notice . . . . We also find no merit in Gay's argument that Gilman's asserted reason for terminating her was a pretext for discrimination.

*Id.* at 1436.

---

[3] These decisions included Manuel. Additionally, Gay cited Price v. City of Fort Wayne, 117 F.3d 1022 (7th Cir. 1997) as follows:

> [In Price], the appellant had sought leave from work due to an assemblage of medical problems, no one of which alone rose to the level of a serious health condition, *see id.* at 1024-25. In requesting leave, the appellant had filled out the form provided by her employer, indicating that the reason for her request was medical need, and had attached a note from her doctor, from whom she had sought treatment for her various health problems eight times in a two month period preceding her request, requiring her to take time off. *See id.* at 1025. Observing that the notice required by the FMLA is given "when the employee requests leave for a covered reason," the court found that, under the circumstances, the appellant had provided her employer with "sufficient information to put [the employer] on notice that this was a possible FMLA leave situation." *Id.* at 1026.

It may well be appropriate for the Eleventh Circuit Court of Appeals to address at least these issues before a trial of this case:

(1) Whether FMLA leave must be specifically requested by name in order to support a retaliation claim;

(2) Whether a termination based on absences, some of which may have been FMLA-protected and some not, will support a retaliation claim;

(3) Whether 29 C.F.R. § 825.303(b) applies to retaliation claims; and

(4) Whether Strickland otherwise forecloses the plaintiff's retaliation claim.

The court will certify these and other appropriate issues for appeal.

This 17 day of December 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE